UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| TIMOTHY WALKER, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 10-276-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| KAREN HOGSTEN, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Timothy Walker, a federal inmate, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He claims that the district court that imposed his 480-month sentence improperly classified him as a career offender under U.S.S.G. § 4B1.1. Because Walker has not shown that filing a motion to vacate his sentence in the sentencing court is "inadequate or ineffective to test the legality of his detention," this Court is barred from "entertain[ing]" his petition. 28 U.S.C. § 2255(e). It is therefore denied.

## BACKGROUND

After a jury convicted him of various drug-trafficking offenses, the United States District Court for the Eastern District of Pennsylvania sentenced Timothy Walker to 480 months in prison on February 6, 1997. In calculating his sentence, the district court determined that Walker qualified as a career offender under U.S.S.G. § 4B1.1, which provides enhanced sentences for defendants who (1) were at least eighteen years old when they (2) committed a felony that was either a crime of violence or a controlled substance offense and (3) have at least two prior convictions for felonies that were either crimes of

violence or controlled substance offenses. As a result of his designation as a career offender, Walker's guidelines range (which was mandatory because his sentence was imposed well before *United States v. Booker*, 543 U.S. 220 (2005)) increased from 324-to-405 months to 360-months-to-life. *See* R. 2-1 at 2. The Third Circuit affirmed Walker's sentence on direct appeal. *United States v. Walker*, No. 97-1101, 1998 WL 108571 (3d Cir. Feb. 5, 1998) (unpublished table decision).

Walker subsequently filed a motion asking the district court to vacate his sentence under 28 U.S.C. § 2255. Among other claims, Walker argued his designation as a career offender under § 4B1.1 was improper because one of his two predicate offenses—a state conviction for third degree robbery (pickpocketing)—did not constitute a "crime of violence." The district court denied the motion, *United States v. Walker*, Nos. 94-488, 99-584, 2000 WL 378532 (E.D. Pa. Apr. 4, 2000), and the Third Circuit denied Walker's request for a certificate of appealability. *In re Timothy Walker*, C.A. No. 00-1373 (3d Cir. Mar. 13, 2001).

Walker again tried to mount a challenge to his sentence nine years later, this time relying on the Supreme Court's recent decisions in *Begay v. United States*, 553 U.S. 137 (2008) and *Chambers v. United States*, 129 S. Ct. 687 (2009). In those cases, the Court held that state convictions for driving under the influence, *Begay*, 553 U.S. at 148, and failing to report to a penal institution to serve a prison sentence, *Chambers*, 129 S. Ct. at 693, did not constitute "violent felonies" under the Armed Career Criminal Act.[1] On February 1, 2010,

---

[1] Although *Begay* and *Chambers* were interpreting the term "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), and Walker's challenge relates to the term "crime of violence" in U.S.S.G. § 4B1.1(a), courts generally treat the two statutory

2

Walker filed a motion in the district court under Federal Rule of Civil Procedure 60(b) to vacate his sentence in light of *Begay* and *Chambers*. He also filed, on March 15, 2010, an application in the Third Circuit for permission to file a second or successive § 2255 motion. The district court denied Walker's motion because Rule 60(b) was not the appropriate vehicle to challenge his sentence. *United States v. Walker*, No. 94-488-04, 2010 WL 1644283, at *2 (E.D. Pa. Apr. 21, 2010). As the court explained, Walker could only challenge his sentence via a § 2255 motion. Because Walker had already had one bite at the § 2255 apple, the district court could only entertain a second or successive § 2255 motion if Walker "first obtained an order from the court of appeals authorizing the district court to consider the motion." *Id.* The Third Circuit subsequently denied Walker's request for permission to file a second or successive § 2255 motion on May 20, 2010. Walker then filed his petition in this Court seeking a writ of habeas corpus under 28 U.S.C. § 2241. R. 2.

## ANALYSIS

District courts have a duty to screen out habeas petitions that obviously lack merit. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). The Court should deny a petition without directing a response if "it appears from the application that the applicant or person detained is not entitled" to a writ of habeas corpus. 28 U.S.C. § 2243. Because Walker's petition plainly lacks merit, it is denied.

Walker challenges the imposition of his sentence. Generally, a federal prisoner may only challenge the imposition of his sentence by filing a motion under 28 U.S.C. § 2255 in the court that imposed it. *Terrell v. United States*, 564 F.3d 442, 448 (6th Cir. 2009).

---

terms the same. *United States v. Ford*, 560 F.3d 420, 421 (6th Cir. 2009). Thus, the Sixth Circuit has applied the rationale of *Begay* and *Chambers* to cases involving § 4B1.1(a). *Id.*

3

Walker, however, has filed his petition in this Court—which has jurisdiction over his custodian[2]—under 28 U.S.C. § 2241. Prisoners may file § 2241 petitions "to challenge the execution or manner in which" their sentence is being served, but usually not to challenge the validity of the sentence itself. *Id.* Section 2255 explicitly bars courts from granting habeas relief to a prisoner who challenges the imposition of his sentence if he "has failed to apply for relief, by motion, to the court which sentenced him, or [if] such court has denied him relief." § 2255(e). Here, Walker has already challenged his sentence by filing a § 2255 motion in the Eastern District of Pennsylvania. That motion was denied. He subsequently filed a motion in the Third Circuit seeking permission to file a second or successive § 2255 motion raising his arguments based on *Begay* and *Chambers*. That motion was also denied.

Walker is thus precluded from seeking habeas relief in this Court unless he can satisfy § 2255's "savings clause." That provision allows a prisoner to challenge the validity of his sentence in a § 2241 petition if he can demonstrate that the § 2255 "remedy by motion is inadequate or ineffective to test the legality of his detention." § 2255(e). This is a "rigorous showing." *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). The § 2255 remedy is not considered "inadequate or ineffective" merely because the sentencing court has already denied § 2255 relief or the court of appeals has denied permission to file a second or successive § 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Rather,

---

[2]  At least, this Court *had* jurisdiction over Walker's custodian when he filed the petition. At that time, Walker was housed at F.C.I.-Manchester in Manchester, Kentucky. He has since been moved to F.C.I.-Fort Dix in Fort Dix, New Jersey. R. 5. Even though Walker has now been moved out of this district, this Court retains jurisdiction over his petition. *See White v. Lamanna*, 42 F. App'x 670, 671 (6th Cir. 2002) ("A district court's jurisdiction generally is not defeated when a prisoner who has filed a § 2241 petition while present in the district is involuntarily removed from the district while the case is pending.").

to take advantage of the savings clause, a petitioner must "make a showing of actual innocence." *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003).

Walker claims that he is "actually innocent" of being a career offender under U.S.S.G. § 4B1.1 because one of his two predicate convictions—for pickpocketing—did not qualify as a "crime of violence." Unfortunately for Walker, to take advantage of § 2255's savings clause, the Sixth Circuit requires him to demonstrate that he is actually innocent of the *underlying offense*, not of a mere sentencing factor. *United States v. Paterman*, 249 F.3d 458, 462 (6th Cir. 2001) (holding that defendants who "do not argue innocence but instead challenge their sentences" may not utilize § 2255's savings clause, at least where the sentence "fall[s] within the statutory maximum"). Many other circuits agree. *See, e.g.*, *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (noting that "Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentences"); *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005) (holding that defendant's claim that he was "actually innocent" of gun-related sentencing enhancement "does not fall within the savings clause of section 2255" because he "does not attack his conviction and his claims challenge only the validity of his sentence"). Applying this rule, several circuits have held that prisoners making the exact same claim as Walker—that the Supreme Court's decisions in *Begay* and *Chambers* render them "actually innocent" of being career offenders under § 4B1.1—do not satisfy § 2255's savings clause. *See, e.g.*, *Gilbert v. United States*, --- F.3d ----, No. 09-12513, 2011 WL 1885674, at *29 (11th Cir. May 19, 2011) (en banc); *Collins v. Ledezma*, 400 F. App'x 375, 376 (10th Cir. 2010). Thus, because Walker only claims that he is "actually innocent" of a sentencing

5

factor, not of his underlying crime, and his sentence did not exceed the statutory maximum (which was life, 21 U.S.C. § 841(b)(1)(A)(ii)(II)), he may not take advantage of the savings clause. *Paterman*, 249 F.3d at 462. This Court is therefore prohibited from "entertain[ing]" his habeas petition. § 2255(e).

## CONCLUSION

Accordingly, it is **ORDERED** that Walker's petition for a writ of habeas corpus, R. 2, is **DENIED**. This case is **DISMISSED** and shall be **STRICKEN** from the Court's active docket.

This the 31st day of May, 2011.

Signed By:
Amul R. Thapar   AT
United States District Judge